IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

UNITED STATES OF AMERICA :
:
v. : Case No. 3:26-cr-6 (TES)
:
RAFAEL ENRIQUEZ, :
:
Defendant. :
:

**ORDER ON MOTION FOR RECONSIDERATION OF DETENTION**

On April 29, 2026, following a hearing pursuant to 18 U.S.C. § 3142(f)(1), a Magistrate Judge in the Northern District of Illinois entered an order that Defendant be detained pending trial. (Doc. 9). In its order of detention, the Court found that Defendant had not presented sufficient evidence to rebut the presumption of detention under 18 U.S.C. § 3142(e)(3) and further found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. This finding was based on the nature and circumstances of the offense charged and on Defendant's prior criminal history.

Defendant has now filed a motion for reconsideration of the order, asking the Court to reopen the evidence and enter an order setting conditions of release pursuant to 18 U.S.C. § 3142(f). Doc. 60. 18 U.S.C. § 3142(f) provides that a Magistrate Judge may reopen a detention hearing at any time if the judge "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

Defendant's motion to reopen the detention hearing sets forth no such new information. In his motion, Defendant contends that he has identified a sister in Gary, Indiana, who can serve as a

third-party custodian for Defendant. To the extent that this information was not known to Defendant at the time of his detention order, it does not have a material bearing on whether there are conditions of release that can secure the safety of the community. The pretrial services report[1] shows that Defendant's mother had previously advised she was willing to serve as a third-party custodian. The order of detention, by implication, shows that the Magistrate Judge determined a third-party custodian would not be sufficient to secure the safety of the community. The order further shows that the primary justification for detention was the nature and circumstances of the offense charged, pursuant to 18 U.S.C. § 3142(g)(1). The indictment in this case alleges that Defendant was actively engaged in a conspiracy to smuggle firearms purchased in the Middle District of Georgia into the Chicago area, to be used in criminal activity. The indictment alleges that Defendant and co-defendants were members of a criminal street gang in the Chicago area and further shows that the smuggled firearms were used in multiple crimes, including murder, armed robbery, assaults, and a vehicle hijacking.

Because Defendant's motion provides no basis for reconsideration of the original decision, and for the reasons set forth in the written Order of Detention (Doc. 9), Defendant's Motion for Reconsideration (Doc. 60) is **DENIED**, and Defendant shall remain in custody pending trial of the case.

**SO ORDERED**, this the 6th day of August, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

1 The pretrial services report has not been filed on the docket of this case. It is attached as an Exhibit to this Order.